UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60160-CIV-ZLOCH

DAVID STEVEN EYE,

     Plaintiff,

vs.                                **FINAL ORDER OF DISMISSAL**

THE INTERNAL REVENUE
SERVICE, CALVIN BYRD, and
SHEILA O'BRIEN,

     Defendants.
_____/

     THIS MATTER is before the Court upon Defendant the Internal Revenue Service's Motion To Dismiss (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

     Plaintiff initiated the above-styled cause against Defendants in Florida state court, seeking to, inter alia, vacate certain liens that the Internal Revenue Service (hereinafter the "IRS") placed upon Plaintiff's property. Defendants timely removed this action and filed the instant Motion (DE 2), citing serval bases for dismissing Plaintiff's Complaint. Specifically, the IRS argues that the Court lacks jurisdiction over this action because the United States enjoys sovereign immunity from suit.

     The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal pleading requirements of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). The Supreme Court recently abrogated its test for

determining the sufficiency of a complaint as formulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See Bell Atlantic Corp. v. Twombly, 550 U.S. ___ 127 S.Ct. 1955, 1968 (2007).  In Twombly, the Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.  The Court further explained that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. (quotations omitted)  For the purpose of ruling upon the instant Motion (DE 2) the Court takes all facts alleged by Plaintiff in his Complaint as true and draws all reasonable inferences in favor of him.

A suit against the United States is bared by sovereign immunity, unless it is waived. See United States v. Shaw, 309 U.S. 495, 500-01 (1940) (noting that because the United States is a sovereign, actions against it cannot be maintained unless it consents to such an action).  In Dugan v. Rank, 372 U.S. 609, 620 (1963), the Supreme Court outlined the test for whether suit against a United States entity is a suit against the United States and barred by sovereign immunity.

> The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.

Dugan, 372 U.S. at 620 (citation and quotation omitted).  Several

courts have applied this test to the IRS and found that a suit against the IRS is a suit against the United States. See, e.g., Purk v. United States, 895 F.2d 1414 (6th Cir. 1990) (noting that claims against the IRS are essentially claims against the United States) (citing Rochefort v. Gibbs, 696 F. Supp. 1151, 1152 (W.D. Mich. 1988)); see also Posey v. United States Dept. of Treasury, I.R.S., 156 B.R. 910 (W.D.N.Y. 1993) (noting "suit against the IRS or the Treasury Department is not available in federal court"); Provenza v. Rinaudo, 586 F. Supp. 1113, 1117 (D. Md. 1984) ("The IRS as an entity is absolutely immune from suit."); Krouse v. United States Gov't Treasury Dep't of Internal Revenue Serv., 380 F.Supp. 219, 221 (C.D. Cal. 1974) (noting neither the Treasury Department nor the IRS are subject to suit).  Thus, the instant action may not proceed against the IRS, unless it has waived sovereign immunity.  See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("It is elementary that [t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit.") (quotation omitted).

The burden of establishing waiver of sovereign immunity is upon the Plaintiff.  Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).  He must point to a specific statutory provision in which the United States has waived its sovereign immunity.  Id. Plaintiff has failed to do so.  He has cited to Chrysler Corp. v.

3

Brown, 441 U.S. 281, 297 n. 23 (1979) for the proposition that "the IRS is a private corporation and only has delegated powers." DE 6, P. 3. However, that case and the specific footnote referenced therein do not establish that Congress has waived the IRS's sovereign immunity. Rather, it details the potential for government abuse that occurred when the Internal Revenue Service operated during the civil war era. Brown, 441 U.S. at 297 n. 23. Therefore, the Court finds that it lacks jurisdiction over the IRS in this case, and the instant action must be dismissed. See Purk, 895 F.2d at 1414.

In addition, the suit names two individual IRS agents as Defendants, Calvin Byrd and Sheila O'Brien. A suit against agents is in all practical respects one against the IRS. Deleeuw v. IRS, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Therefore, the above-styled cause as to the individual named agents as Defendants must also be dismissed. Castleberry v. ATF, 530 F.2d 672, 673 n.3 (5th Cir. 1972) ("Congress has not constituted the treasury or any of its divisions or bureaus as a body corporate and has not authorized them to sued eo nomine").

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant the Internal Revenue Service's Motion To Dismiss (DE 3) be and the same is hereby **GRANTED;**

2. The above-styled cause be and the same is hereby **DISMISSED**

with prejudice; and

    3.   To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __25th__ day of March, 2008.

                                             WILLIAM J. ZLOCH
                                             United States District Judge

Copies furnished:

All Counsel and Parties of Record